UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASHIRI COLEMAN BEY,

                Plaintiff,

-against-

ADMINISTRATION FOR CHILDREN'S SERVICES; JEFF HANHAUSER,

                Defendants.

24-CV-8096 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, appears to bring this action against the Administration for Children's Services ("ACS") and its employee Jeff (or Jess) Danhauser.[1] The complaint appears to assert claims for criminal conduct, forgery, fraud, treason, securities violations, and violations of the Foreign Corrupt Practices Act ("FCPA") and Racketeer Influenced and Corrupt Organizations Act ("RICO"). By Order dated October 31, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff's pleading does not include a caption. He attaches several exhibits, including some documents that he states were served on ACS and Danhauser.

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

Plaintiff's complaint consists of a stack of documents and does not include a case caption.[2] One document is a "Notice of Presentment for Notice of Claim," dated October 2, 2023, in which Plaintiff states that certain documents were served on Jess Danhauser of ACS, such as a Certification of Trust, Proof of Priority Interest, Holder in Due Course including Authenticated Certificates of Live Birth with Certificates of Beneficial Interest, Unamended Apostolic Letter Issued Motu Proprio of the Supreme Pontif Francis, and Amendments to the Criminal Code and the Code of Criminal Procedure by the Pontifical Commission for the Vatican State. (ECF No. 1 at 2-6.) The "Notice of Presentment" is signed by Mendosa Watson. (*Id.* at 3). Plaintiff does not explain the relationship, if any, between Plaintiff and Watson.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

Some of the documents reference state court child neglect proceedings potentially involving ACS and/or the Children's Aid Society ("CAS"). Plaintiff states that he seeks "the release of the Four living breathing sentient beings that are remanded in the Matter of an alleged neglect proceeding File No. 235022, Docket Nos. NN-21903-15 NN-21904-15, and NN-21905-15 . . . ." (ECF No. 1-1 at 7.) Plaintiff appears to suggest that over the past few years, he has repeatedly served notice on ACS and CAS, alleging criminal conduct, fraud and forgery related to the taking of "pre-adoption Birth Certificates," and seeking the return of his children and related settlement payments. (ECF No. 1-1 at 1; ECF No. 1 at 5, 12.)[3]

Plaintiff also alleges violations of the FCPA, RICO, and securities laws (ECF No. 1 at 8-9), as well as murder:

> My wife Tiffany Latoya Coleman/Coleman Bey, Geraldine Harrison-White (aunt), Uncle Erwin White (Her Husband) and Possibly my Brother Cory Hector Perkins were Murdered. I was also on the list to be murdered as well. They were just not

---

[3] Plaintiff previously brought suit in August 2019 against CAS, an "ACS attorney," and others. The matter was dismissed after Plaintiff failed to respond to an order directing him to amend his complaint to cure certain deficiencies. *See Coleman-Bey v. Children's Aid Society*, No. 19-CV-7911 (S.D.N.Y. Jan. 6, 2020) (McMahon, J.), ECF No. 8. In the Order to Amend, the court explained:

> [I]f a Family Court proceeding is ongoing, and it can be considered "akin to a criminal proceeding," the federal court may be required to abstain from adjudicating [Plaintiff's] claims. *See Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citing *Moore v. Sims*, 442 U.S. 415, 419-20 (1979) (applying *Younger* abstention where parents challenged ongoing proceedings to terminate their parental rights)). [Moreover], lower federal courts lack authority to review state court orders, which must be appealed within the state court system. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that "28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments."); *Hoblock v. Albany Cty. Bd. of Elections*, 422 F. 3d 77, 85 (2d Cir. 2005) ("[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments").

(*Id.*, ECF No. 7 at 8-9.) However, the court granted leave to replead because it was unable to determine whether any claim could proceed in federal court based on the minimal facts pleaded in Plaintiff's complaint. Plaintiff did not file an amended complaint.

>successful. I am not completely positive who else is Dead for various reasons. Identities were stolen, phones hacked, Gang Stalking. Smear Campaigns, Google, Facebook, Instagram, Microsoft apps including Microsoft Outlook etc. were hacked. Court Cases swayed to Children's Aid Society + Administration for Children's Services for years. My Wife was Living in Pennsylvania, gave birth and I have much Reason to Believe our child was stolen – stolen and is being abused. Police Refuse to assist me at my Local Precinct.

(*Id.* at 1.)

Plaintiff now seeks the return of his property and children, and requests a cease and desist order, and a valid, signed, and notarized document to prevent interference in his affairs. (*Id.* at 6.)

## DISCUSSION

A.  **Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

Plaintiff appears to assert claims against ACS and its employee for alleged criminal conduct, fraud, and treason, along with FCPA, RICO, and securities violations. Plaintiff fails, however, to plead facts that make clear what Defendants ACS or Danhauser allegedly did or did not do that violated his rights. Plaintiff's allegations are therefore insufficient to comply with

Rule 8 of the Federal Rules of Civil Procedure, and the Court dismisses the complaint. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Leave to Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Here, the bulk of the allegations in Plaintiff's complaint appear to be either nonsensical or frivolous. "[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory." Livingston, 141 F.3d at 437 (internal quotation marks and citation omitted). Plaintiff's allegations are without merit and granting leave to amend to replead these claims would be futile. Moreover, as a private party, Plaintiff cannot pursue criminal charges, *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). The Court therefore declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated: July 15, 2025         /s/ Kimba M. Wood
New York, New York
   
                                                KIMBA M. WOOD
                                          United States District Judge